IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON JACKSON, : | PRISONER CIVIL RIGHTS |
| Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | |
| : | |
| GENE JOHNSON et al., : | CIVIL ACTION NO. |
| Defendants. : | 1:13-CV-2589-TWT-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at Telfair State Prison in Helena, Georgia. Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 seeking fifty million dollars in damages from state and federal judges, "a nation wide news report for channel 2 action news," and release from prison. (Doc. 1.) Plaintiff also seeks leave to proceed *in forma pauperis* despite claiming to have over eleven trillion dollars in his inmate financial account. (Doc. 2.)

Plaintiff has filed numerous habeas actions in this Court challenging his 1996 murder conviction that led to his imprisonment. *See* Order, *Jackson v. Donald*, No. 1:09-cv-920-TCB (N.D. Ga. May 20, 2009) (dismissing 28 U.S.C. § 2254 petition as impermissibly successive and describing filing history). The Court dismissed Plaintiff's first habeas petition as untimely, and Plaintiff has not obtained permission from the court of appeals to file another one. *See id.*

Last year, Plaintiff began filing § 1983 actions in an apparent attempt to avoid the bar to successive habeas actions. *See* Order, *Jackson v. Lee*, No. 1:13-CV-802-TCB (N.D. Ga. May 16, 2013) (administratively closing case); Order, *Jackson v. Lee*, No. 1:13-CV-336-TCB (N.D. Ga. Mar. 13, 2013) (administratively closing case); Order, *Jackson v. Lee*, No. 1:13-CV-230-TCB (N.D. Ga. Feb. 20, 2013) (dismissing case under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted). Jackson was restricted from filing any additional pleadings, except notices of appeal, in those cases. This action appears to be another attempt to avoid the Court's rulings in Plaintiff's earlier cases. (*See* Doc. 1.)

Plaintiff's complaint in this case must be dismissed because it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A (requiring federal courts to screen prisoner complaints to determine whether the action (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief). First, Plaintiff cannot obtain release from prison under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff can obtain release only in a habeas action and, as noted above, cannot file another habeas action without permission from the court of appeals.

AO 72A
(Rev.8/82)

Second, Plaintiff's claims of false imprisonment and violation of Georgia's first offender laws are barred because success on those claims would imply the invalidity of his conviction and current imprisonment. A "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Finally, Plaintiff cannot obtain damages under § 1983 because the defendant judges are immune from such relief. Judges enjoy absolute immunity for acts taken in their judicial roles during court proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff seeks millions of dollars in damages from the state judges for allegedly falsely imprisoning him and appears to seek damages from judges on this Court for dismissing his prior § 1983 and habeas actions. (Doc. 1.) Because those claims target the judges' acts taken in their judicial capacities, the judges are immune

3

from Plaintiff's suit. *See Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) ("This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.").

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A. The undersigned **FURTHER RECOMMENDS** that Plaintiff be restricted from filing any additional documents in this case except for a notice of appeal, as the Court has done in Plaintiff's prior § 1983 cases. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED & RECOMMENDED** this 31 day of March, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE